**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA

CRIMINAL ACTION NO. 22-00087

VERSUS

JUDGE S. MAURICE HICKS, JR.

MICHAEL BANIEL

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant, Michael J. Baniel ("Baniel"). See Record Documents 81 and 85. The United States filed a response in opposition, and Baniel filed a reply. See Record Documents 88 and 89.

On April 13, 2022, a federal grand jury returned a three-count indictment charging Baniel with possession with intent to distribute methamphetamine, possession with intent to distribute fentanyl, and possession with intent to distribute marijuana. See Record Document 15. Baniel filed a motion to suppress challenging the traffic stop and subsequent search of the vehicle. See Record Document 28. Following an evidentiary hearing and additional briefing, Magistrate Judge Hornsby issued a Report and Recommendation recommending denial of the motion to suppress. See Record Documents 32, 36, 41, 43, and 44. This Court adopted the Report and Recommendation and denied the motion to suppress. See Record Document 47.

On August 1, 2023, pursuant to a conditional written plea agreement, Baniel pleaded guilty to Count One of the indictment. See Record Document 60. Baniel reserved the right to appeal the denial of his motion to suppress. See id. at 2. On February 20, 2024, the Court sentenced Baniel to a term of 292 months of imprisonment and 10 years

of supervised release. See Record Documents 68 and 69. The Fifth Circuit affirmed the denial of the motion to suppress, and the United States Supreme Court denied certiorari. See Record Documents 79 and 80.

Thereafter, Baniel filed a "Motion for New Trial Based on Newly Discovered/Previously Suppressed Evidence and Request for Evidentiary Hearing." See Record Document 81. In that motion, Baniel alleged that the Government suppressed dash camera footage, instant messages between officers, prior allegations regarding Trooper Derrick, and information relating to the K-9 involved in the stop. See id. at 1–2. Baniel also requested an evidentiary hearing. See id. at 2. Because Baniel pleaded guilty rather than proceeding to trial, the Government opposed the motion on the basis that Rule 33 did not apply. See Record Document 84. Baniel then moved to construe the filing as a motion pursuant to 28 U.S.C. § 2255, which the Court granted. See Record Documents 85 and 86. Thereafter, the Government filed an additional response in opposition. See Record Document 88.

Baniel's motion centers on alleged Brady violations. See Brady v. Maryland, 373 U.S. 83 (U.S.Md. 1963). Specifically, he contends that the Government suppressed exculpatory or impeachment evidence prior to his guilty plea and that the alleged suppression rendered his plea involuntary. However, the Court finds that Baniel's claims are procedurally barred, waived by his guilty plea, and without merit.

First, Baniel is procedurally barred from raising these claims in a Section 2255 proceeding. Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584,

1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted).

Here, Baniel cannot prove cause, prejudice, or actual innocence. The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. Murray v. Carrier, 477 U.S. 478, 488 (1986). The allegations raised in the present motion concern the traffic stop, communications between officers, dash camera footage, and the K-9 deployment. These are all issues that were known to Baniel and his counsel during the suppression proceedings. See Record Documents 28, 32, 36, 41, 43–47. In fact, the record reflects that Baniel himself previously filed a *pro se* letter concerning instant messages between officers. See Record Document 42. Thus, these matters could have been litigated during the suppression proceedings or raised on direct appeal.

Additionally, Baniel cannot establish prejudice or actual innocence. He does not assert factual innocence, and his allegations do not undermine the extensive factual basis supporting his guilty plea. During the plea proceedings, Baniel admitted under oath to possessing the narcotics recovered from the vehicle. Accordingly, Baniel's claims are procedurally barred.

Next, Baniel's guilty plea waived his <u>Brady</u> claims. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings. <u>See</u> <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000). The Fifth Circuit has specifically recognized that a guilty plea generally precludes a defendant from later asserting Brady violations. <u>See</u> <u>United States v. Conroy</u>, 567 F.3d 174, 178 (5th Cir. 2009). Baniel attempts to avoid waiver by arguing that the alleged suppression rendered his plea involuntary. The Court is unpersuaded.

The record demonstrates that Baniel knowingly and voluntarily entered his guilty plea. <u>See</u> Record Document 75. The written plea agreement expressly states that he entered the plea voluntarily and of his own free will. <u>See</u> Record Document 60. Likewise, during the Rule 11 colloquy, the Court found that Baniel's plea was knowing and voluntary. <u>See</u> Record Document 75.

Finally, the Court finds that Baniel's underlying allegations lack merit. The suppression hearing transcript demonstrates that defense counsel extensively questioned the troopers regarding instant messages, communications between officers, and the alleged existence of prior information about Baniel's vehicle. <u>See</u> Record Document 40. The troopers denied any undisclosed communications concerning Baniel. <u>See id.</u>

Likewise, Baniel's allegations regarding the K-9 are unsupported. The reliability and certification of the K-9 were addressed during the suppression hearing, and the Court previously denied the motion to suppress after considering that evidence. See Record Document 40 at 37–40. Baniel's current assertions amount largely to speculative and conclusory allegations insufficient to warrant collateral relief.

Accordingly,

4

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 81) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of May, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT